14 CV 0077-S

Revised 03/06 WDNY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FILED
FEB 6 - 2014
MICHAEL J. ROEMER, CLERK
WESTERN DISTRICT OF NY

FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
(Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

A.  **Full Name of Plaintiff**: NOTE: *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

ROCCO ANGELO CASELLA

-vs-

B.  **Full Name(s) of Defendant(s)** NOTE: *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. BRADFORD MERSEREAU, M.D.
2. VETERANS HOSPITAL, BUFFALO, N.Y.:
3. 3495 BAILEY AVE., 14215
4. 
5. 
6. 

### 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
All of these sections **MUST** be answered

*Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A. Basis of Jurisdiction in Federal Court: U.S. GOVERNMENT IS A PARTY TO THE ACTION. (U.S. v KUBRICK, 444 U.S. 111, 123 (1979) (U.S. SUPREME COURT).

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B. Reason for Venue in the Western District: ALL DEFENDANTS RESIDE IN THE WESTERN DISTRICT OF NEW YORK

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.*

C. Nature of Suit: PERSONAL INJURY: PHYSICAL AND PSYCHOLOGICAL (P.T.S.D.)

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION** NOTE: *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: Rocco A. Casella

Present Address: 8248 Bennett Hill Rd.
Caneadea, N.Y. 14717

Name of Second Plaintiff: _____

Present Address: _____

**DEFENDANT'S INFORMATION** NOTE: *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: Bradford Mersereau (et al)

Official Position of Defendant (if relevant): Doctor of Primary Care 1 and 2

Address of Defendant: V.A.M.C. Buffalo, N.Y.
3495 Bailey Ave., Buffalo, N.Y. 14212

Name of Second Defendant: _____

Official Position of Defendant (if relevant): _____

Address of Defendant: _____

Name of Third Defendant: _____

Official Position of Defendant (if relevant): _____

Address of Defendant: _____

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A. Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?

Yes ___ No X ?

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1. Name(s) of the parties to this other lawsuit:

Plaintiff(s): Rocco A. Casella

Defendant(s): __BRANFORD MERSEREAU__

2. Court (if federal court, name the district; if state court, name the county): __U.S.D.C./W.D. of N.Y.__

3. Docket or Index Number: __1:12-cv-00280-W.M.S.__

4. Name of Judge to whom case was assigned: __THE HONORABLE JOHN T. CURTIN; U.S.D.J.__

5. The approximate date the action was filed: __4-5-12__

6. What was the disposition of the case?

   Is it still pending? Yes____  No __X__

   If not, give the approximate date it was resolved. __5-23-2013__

   Disposition (check those statements which apply):

   ____ Dismissed (check the statement which indicates why it was dismissed):

        ____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

        ____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

        __X__ By court due to your voluntary withdrawal of claim;

   ____ Judgment upon motion or after trial entered for

        __?__ plaintiff
        ____ defendant.

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

**A. FIRST CLAIM:** On (date of the incident) __SEPTEMBER 6TH, 2013__,
defendant (give the **name and (if relevant) the position held** of **each defendant** involved in this incident) __MR. NEIL NAULTY AND THE BUFFALO REGIONAL COUNSEL, VERMONT AREA OFFICE, 215 NORTH MAIN ST., WHITE RIVER JUNCTION, VT. 05009-0001, TEL: (802) 296-5116__ —

did the following to me (briefly state what each defendant named above did): FAX: (802)296-5187 DENIED MY TORT CLAIM AGAINST THE V.A. HOSPITAL, BUFFALO, N.Y. AND DR. BRADFORD MERSEREAU, ET AL, BECAUSE OF THE STATUTE OF LIMITATIONS FROM 2006-2011 (U.S. v KUBRICK, 444 U.S. 111, 123 (1979) U.S. SUPREME COURT... FACT #2: THIER INVESTIGATION OF MY TORT CLAIM WAS DONE TO HIDE THE TRUTH FROM THE U.S.D.C./ W.D. OF N.Y. IT IS NOTHING BUT A COVER UP YOUR HONOR, TO HIDE THE WRONG DONE TO ME IN MY ORIGINAL COMPLAINT, FILED ON: 4/5/2012.

The federal basis for this claim is: 12-CV-00280-W.M.S. CASELLA-V-V.A.M.C. BUFFALO ETAL.

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*: TO ALLOW PLAINTIFF TO SUMMON(S) ALL OF THE WHITNESSES THAT NEIL NAULTY NEVER INTERVIEWED CONCERNING MY TORT CLAIM OF AUG. 2011 CONCERNING MY MEDICAL MISS TREATMENT AND FALSE STATEMENTS THAT WERE MADE.

**B. SECOND CLAIM:** On (date of the incident) ON ABOUT JANUARY 16TH, 2013,
defendant (give the <u>name and (if relevant) position held</u> of <u>each defendant</u> involved in this incident) MR. NEIL NAULTY WAS TOLD ABOUT THE SPRINGVILLE, N.Y. V.A.M.C. SATELLITE MEDICAL CENTER REFUSING ME EMERGENCY TREATMENT, ON: AUGUST 2011.
did the following to me (briefly state what each defendant named above did): MR. NAULTY NEVER INQUIRED ABOUT MY BEING "BARED" FROM THEM TREATING ME AS A V.A. M.C. OUT REACH AND AS A PRIVATE "MERCY HOSPITAL" OUT PATIENT. DR. MERSEREAU PHONED DR. POOLE AND SCREAMED AT HIM FOR TREATING ME WHEN I WAS A "MERCY HOSPITAL PATIENT" UNDER DR. POOLE. DR. POOLE WAS MY PRIVATE DOCTOR AT THAT TIME AS I PAID FOR MY OWN TREATMENT, AND IT HAD NOTHING TO DO WITH THE V.A.M.C. BUFFALO.

The federal basis for this claim is: 12-CV-00280-W.M.S. CASELLA-V-V.A.M.C. BUFFALO ET AL

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*: TO HEAR PLAINTIFFS SIDE AND DEFENDANTS SIDE IN YOUR COURT, YOUR HONOR, "ON RECORD AND FOR THE RECORD", AND LET THE COURT SEE EXACTLY WHO/WHOM IS COMMITTING PERJURY IN: U.S.D.C./W.D. OF N.Y.

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

A: TO SHOW AND PROVE THAT MY V.A. TORT CLAIM WAS INVESTIGATED BY THE V.A. TO PROTECT THE V.A FROM IT'S DOCTORED UP FALSE RECORDS THAT THEY NEW WAS IN MY (PLAINTIFF'S) FAVOR. "A COVER UP BY THE V.A./ NOTE: THE G.A.O. SAID THE SAME THING ABOUT QUITE A LOT OF V.A.M.C.'s IN THIER 2012-2013 INVESTIGATION." GOVERNMENT ACCOUNTABILITY OFFICE, U.S. of A.

Do you want a **jury trial**? Yes ____ No _X_

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on _January 31st, 2014_
                            (date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____, Pro Se
Rocco A. CASELLA, Pro Se
Signature(s) of Plaintiff(s)

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OFFICE OF DISTRICT COUNSEL/02
1 2 0 LE BRUN RD.
BUFFALO, N.Y., 14215

2. Article Number
(Transfer from service label)

7009 0960 0001 0800 3692

PS Form 3811, February 2004    Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  C. Schiavone
☐ Agent
☐ Addressee

B. Received by (Printed Name)
C. Schiavone

C. Date of Delivery
11/16/13

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Rocco A. CASELLA
8248 BENNETT HILL RD.
CANEADEA, N.Y. 14717
PHONE #: 716-392-0616

JANUARY 15TH, 2013

OFFICE OF DISTRICT COUNSEL/02
130 LE BRUN ROAD
BUFFALO, N.Y. 14215

RE: TORT CLAIM AGAINST
"DR. BRADFORD MERSEREAU",
ET AL.

DEAR DISTRICT COUNSEL,

    I HAVE ASKED A U.S. SENATOR, & ATTORNEYS, 4 OR 5 DIFFERENT V.A. OFFICES, AND "NO ONE" REALLY WANTED TO HELP ME FILE THIS TORT CLAIM, AND FOR THAT REASON I AM ASKING YOU TO TREAT THIS TORT CLAIM AS A "PRO SE LITEGATENT, AND HELD TO A LESSER STANDARD FOR FILING THIS TORT CLAIM." THANK YOU.

RESPECTFULLY SUBMITTED,

Rocco A. Casella, PRO SE.
ROCCO A. CASELLA, PRO SE.

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| OFFICE OF DISTRICT COUNSEL/02<br>130 LEBRUN ROAD<br>BUFFALO, N.Y. 14215 | ROCCO A. CASELLA<br>8248 BENNETT HILL RD.<br>CAOLEADEA, N.Y. 14719 |

| 3. TYPE OF EMPLOYMENT<br>☒ MILITARY ☐ CIVILIAN | 4. DATE OF BIRTH<br>12/05/48 | 5. MARITAL STATUS<br>SINGLE | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

I AM ASKING THAT I BE CONSIDERED AS A PRO SE CLAIMENT. I AM HAVING A VERY HARD TIME WITH THIS, AND IT IS AFFECTING MY P.T.S.D. (100% U.S. MARINES). (I AM ENCLOSING A 45 PAGE PACKIT) THANK YOU

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

NONE

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)

NONE

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

HEAD, NECK, BACK, LEFT & RIGHT HAND & ARM. ATEMPED SUICIDE BECAUSE OF DR. BRADFORD MERSEREAU INTERFEARING WITH MY V.A. DOCTORS AND ESPECIALLY INTERFEARING WITH MY PRIVATE (NON V.A.) DOCTORS. FOR PAIN MEDICATION

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| NONE? | NONE? |

12. AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| NONE | $250,000.00 | NONE | $250,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) JAN. 7TH, 2013 | 13b. Phone number of signatory | 14. DATE OF CLAIM |
|---|---|---|
| Rocco A. Casella – SEPT. 5, 2011 | (716) 392-0610 | 01/01/2010 09/01/2011 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-108<br>Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

### INSTRUCTIONS

Complete all items - Insert the word NONE where applicable

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:
(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

**Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.**

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, If yes, give name and address of insurance company (*Number, street, city, State, and Zip Code*) and policy number. ☒ No

NO

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?

NO

17. If deductible, state amount

NO

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (*It is necessary that you ascertain these facts*)

NONE

19. Do you carry public liability and property damage insurance? ☒ Yes, If yes, give name and address of insurance carrier (*Number, street, city, State, and Zip Code*) ☐ No

WELLS FARGO HOME MORGUE HAS THAT INFO.

SF 95 (Rev. 7-85) BACK

KIRSTEN E. GILLIBRAND
NEW YORK
SENATOR

COMMITTEES

# United States Senate
WASHINGTON, DC 20510-3205

### Office of United States Senator Kirsten E. Gillibrand

Due to the enactment of the "Right to Privacy Act," it is necessary for you to complete and sign this form authorizing me and/or a member of my staff to obtain the information needed to respond to your request for assistance.

Date: MAY 23RD, 2012

Name: ROCCO A. CASELLA

Address: 8248 BENNETT HILL RD.
CANEADEA, N.Y. 14717

Senator Kirsten E. Gillibrand has my permission to make inquiries into my personal records and/or files as necessary to assist me in the matter I have presented to her office.

Signature: *Rocco A. Casella*

Date of Birth (mm/dd/yy): 12-05-48

Social Security Number (SSN): 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

Home Telephone: 716-392-0610

Case Number: _____

Do you currently have a case pending before a local, state, or federal court pertaining to this matter? (YES) or NO (circle one)

Please mail or fax this privacy release with detailed letter and all supporting documentation to:
Department of Constituent Affairs
Office of US Senator Kirsten E. Gillibrand
780 Third Avenue, Suite 2601
New York, New York 10017-2024
Fax: 866-824-6340

If you have any questions, please contact my New York City office at 212-688-6262.



**DEPARTMENT OF VETERANS AFFAIRS**
Buffalo Regional Counsel
Vermont Area Office
215 North Main Street
White River Junction, VT 05009-0001
TEL: (802) 296-5116
FAX: (802) 296-5187

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

In Reply Refer To: 02-WRJ(NJN)

September 6, 2013

Rocco A. Casella
8248 Bennett Hill Road
Caneadea, NY 14717

SUBJECT: Administrative Tort Claim

Dear Mr. Casella:

This notice constitutes final administrative action on the claim you filed pursuant to the Federal Tort Claims Act (FTCA) on or about January 16, 2013, against the United States in the amount of $250,000.00. Your claim alleges, among other things, that medical personnel at the Department of Veterans Affairs (VA) Medical Center in Buffalo, New York, negligently interfered with prescription of pain medication.

Upon receipt of claims such as this, one of the first steps our office takes is to obtain and review all of the relevant records, including medical records. We also review the case with medical professionals who are specialized in the specific areas of treatment provided. As you can well imagine, this can be quite a time consuming undertaking to complete. However, these steps are necessary to fully understand the medical and legal issues associated with claims of this nature. Moreover, this time reflects the detail and effort expended to carefully review all of the complex medical and legal issues associated with your claim, including all of the information you provided. We recognize this may seem to be a burdensome process to follow, but we are bound to follow Department procedures for processing such matters.

Nevertheless, in light of the pending administrative claim filed against the Department, applicable federal law and regulations require that we take final administrative action. Hence, independent of any action on your part, we have carefully reviewed and thoroughly investigated the claim. All aspects of this claim, including the specific issues that you raised, were reviewed by VA medical providers, including independent medical experts not associated with the Buffalo VA Medical Center. Relative to each and every one of your allegations, after carefully reviewing all of the medical information and evidence related to your claim, these medical providers concluded that the medical care and treatment rendered was within the applicable standard of care. While we recognize that you will likely disagree with their conclusions, we are required to rely on their medical opinions when taking final agency action on such claims, as well as all applicable laws, rules and procedures.

2

Moreover, your claim appears not to have been timely filed, as it accrued more than two years prior to the time the claim was filed. Therefore, the applicable statute of limitations bars the claim. *See* 28 U.S.C. § 2401(b). In fact, the medical records written contemporaneously with your treatment reflect that you began complaining about the issues raised in your claim beginning in at least 2006. Furthermore, a telephone note dated December 7, 2007, indicates that you called the VA and expressed frustration about trying to obtain pain medication, that you went to the Medical Center Director's office on December 5, 2007 to complain about lack of pain management from your primary care provider and that you also went to the office of Congressman Higgins to discuss the matter. A number of other records reflect similar complaints prior to 2011. Please be advised that in *United States v. Kubrick*, 444 U.S. 111, 123 (1979), the United States Supreme Court held the following:

> We thus cannot hold that Congress intended that "accrual" of a claim must await awareness by the plaintiff that his injury was negligently inflicted. A plaintiff . . . armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

Accordingly, we are compelled to rely on this decision and unfortunately have no alternative but to regard this claim as being filed beyond the required 2 year limitation period. This 2 year limitation period is jurisdictional and cannot be waived.

As mentioned previously, notwithstanding this jurisdictional defect and independent of any action on your part, please be advised that we have carefully reviewed and thoroughly investigated the claim. However, based on the evidence and expert medical opinions upon which we are required to rely, we are compelled to conclude that there was no negligent or wrongful act of any VA employee acting within the scope of his or her employment. Consequently, for the reasons discussed above, I regret to inform you that we are constrained by law and have no alternative but to deny the claim. Having said this, please do not conclude that we are minimizing the dedication, conviction and passion you exhibited in pursuing your claim. Unfortunately, as noted above, the medical professionals who reviewed this matter concluded that the medical care and treatment rendered was within the applicable standard of care. Accordingly, we have no choice but to deny your claim.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim by any of the following means: (1) you may mail your request to the Torts Director, Office of Regional Counsel, 800 Poly Place, Bldg. 14, Brooklyn, NY 11209; (2) you may file your request by data facsimile (fax) to (718) 630-2917; or (3) you may e-mail your request to OGCtortsdirector@va.gov. To be timely filed, VA must receive this request prior to the expiration of 6 months from the date of the mailing of this final denial. Upon filing such a request for reconsideration, VA shall have 6 months from the date of that

filing in which to make final disposition of the claim, and your option to file suit in an appropriate U.S. District Court under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, if you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

Notwithstanding the above, this is not intended to imply that any request for reconsideration and/or suit, if filed, would be successful.

Sincerely,

*[signature]*

JOSEPH G. MORENO
Regional Counsel

---

Ray,

They never investigated the July 8, 2012 hand injury, where they refused treatment because of Dr? Bradford Mensereau. I can explain it in person better Ray, also there is more, James Ray.

Call me, thanks.    Rocco

Case 1:14-cv-00077-WMS   Document 1   Filed 02/06/14   Page 14 of 15



**VA Health Care Upstate New York**
VA Western New York Healthcare System
3495 Bailey Avenue | Buffalo, NY 14215

www.buffalo.va.gov

Dear Mr. Casella,

~~We always strive to make your experience the best it can be.~~

In response to your recent request to change primary care providers, a team of providers has reviewed the form you submitted along with your medical record. I regret to inform you that we will not grant your request for a provider change at this time.

There are times when the best option for care is with the physician or provider who is familiar with your current care.

You are encouraged to discuss your care management further with your primary care provider.

Dr. Bradford Mersereau
Chief, WNY Primary Care



**DEPARTMENT OF VETERANS AFFAIRS**
REGIONAL OFFICE
130 SOUTH ELMWOOD AVE
SUITE 601
BUFFALO NY  14202-2478

November 22, 2013

In Reply Refer To:  307/21/JCB
CSS 24 215 503
CASELLA, Rocco

ROCCO CASELLA
8248 BENNETT HILL RD
CANEADEA, NY 14717

Dear Mr. CASELLA:

This is to certify that the records of the U.S. Department of Veterans Affairs (VA) show you are rated 100% disabled for service connected disabilities.

The record further shows that there are no further VA examinations scheduled for you, therefore, your disability is considered to be permanent in nature for VA purposes.

Sincerely yours,

S. DeNeau
Veterans Service Center Manager

Email us at: https://iris.va.gov

