UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROCCO ANEELO CASELLA,

                    Plaintiff,

        v.                                          **DECISION AND ORDER**
                                                    14-CV-77S

BRADFORD MERSEREAU, M.D., and
VETERAN'S HOSPITAL, BUFFALO, N.Y.,

                    Defendants.

## I. INTRODUCTION

In this action, Plaintiff alleges under the Federal Tort Claims Act ("FTCA") that Defendants negligently provided medical treatment (or negligently failed to provide medical treatment) while he was under the care of the Veterans Hospital in Buffalo, New York.  He further alleges that Defendants failed to properly investigate his administrative claim concerning that care.

Presently before this Court is the government's motion to substitute itself as the proper Defendant and to dismiss Plaintiffs' complaint for lack of subject-matter jurisdiction, pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure.  (Docket No. 9.)  For the following reasons, the government's motion is granted in its entirety.

## II. BACKGROUND

Plaintiff's *pro se* complaint is somewhat difficult to decipher.[1]  (Docket No. 1.)  He raises two causes of action, both of which allege that the Department of Veterans Affairs

---

[1] Cognizant of the distinct disadvantage that *pro se* litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Since Plaintiff is proceeding pro se, this Court has considered his submissions and arguments accordingly.

failed to properly investigate an administrative claim that the agency previously denied. In his first cause of action, Plaintiff alleges that the agency investigated and denied his administrative claim "to hide the truth from the U.S.D.C./W.D.N.Y. . . . of a cover up . . . to hide the wrong done to [Plaintiff] in [his] original complaint." (Complaint, p. 4.)  In his second cause of action, Plaintiff alleges that he was denied emergency medical care and that Mersereau interfered in his treatment by a private physician.  (Complaint, p. 4.)

Some background.   On or about January 15, 2013, Plaintiff submitted an administrative claim on Form SF-95 to the Office of District Counsel for the Department of Veterans Affairs in Buffalo, NY.[2]  (Complaint, p. 8.)  Therein, Plaintiff listed the nature of his injury as "head, neck, back, left + right hand + arm . . . attempted suicide because of Dr. Bradford Mersereau interfering with my V.A. doctors and especially interfering with my private (non V.A.) doctors for pain medication."[3]  (Complaint, p. 8.)  Plaintiff identified the dates of his claim as "01/01/2010 / 09-01-2011."  (Complaint, p. 8.)

On September 6, 2013, the Buffalo Regional Counsel's Office of the Department of Veterans Affairs sent Plaintiff a letter of final administrative action on his January 15, 2013 claim.  (Complaint, p. 11.)  The letter explained the agency's investigation and denial of the claim and advised Plaintiff of the agency's determination that (1) the medical care he received was within the applicable standard of care, and (2) his claim was untimely, because it accrued more than two years before he filed his claim.  (Complaint, pp. 11, 12.)

---

[2]The cover letter accompanying Plaintiff's claim form is dated January 15, 2013; the claim form itself is signed January 7, 2013.  (Complaint, pp. 7, 8.)

[3]These allegations also appeared in a previous federal lawsuit that Plaintiff filed against Bradford Mersereau, which Plaintiff later voluntarily withdrew.  A copy of that complaint is found in the record at Docket No. 10-3.  This is the "original complaint" noted in Plaintiff's allegations.  (Complaint, p. 4.)

In particular, the agency explained that:

> [T]he medical records written contemporaneously with your treatment reflect that you began complaining about the issues raised in your claim beginning in at least 2006.  Furthermore, a telephone note dated December 7, 2007, indicates that you called the VA and expressed frustration about trying to obtain pain medication, that you went to the Medical Center Director's office on December 5, 2007, to complain about lack of pain management from you primary care provider and that you also went to the office of Congressman Higgins to discuss the matter.  A number of other records reflect similar complaints prior to 2011.

(Complaint, p. 12.)

## III. DISCUSSION

### A.    Motion to Substitute Party

The government moves to substitute itself as the proper defendant in this action under 28 U.S.C. § 2679 (d)(1).  That section provides that a FTCA case brought against a defendant employee "shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant" when the Attorney General certifies that the defendant employee was acting within the scope of his office or employment at the time of the incident giving rise to the FTCA claim.  See 28 U.S.C. § 2679 (d)(1).  Because the Attorney General has filed such a certification in this case (see Docket No. 10-2), the government's motion must be granted and it must be substituted for Defendants Bradford Mersereau and Veterans Hospital, Buffalo, NY, as the proper defendant in this action.  See 28 U.S.C. § 2679 (d)(1); Rivera v. United States, 928 F.2d 592, 609 (2d Cir. 1991) (finding that a suit against the United States is the exclusive remedy for torts under the FTCA).

**B.     Motion to Dismiss**

**1.     Rule 12 (b)(1) Standard**

The plaintiff, as the party seeking to invoke the court's jurisdiction, bears the burden of demonstrating proper subject-matter jurisdiction. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996).  In turn, a defendant may assert lack of subject-matter jurisdiction as a defense under Rule 12(b)(1), which permits dismissal of an action if the "district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

In assessing a Rule 12(b)(1) motion, the court accepts as true all material factual allegations in the complaint, but does not draw inferences favorable to the party asserting jurisdiction.  See J.S. *ex rel.* N.S. v. Attica Cent. Schs., 386 F.3d 107, 110 (2d Cir. 2004); Shipping Financial Svcs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998).  The court may also consider affidavits and other materials beyond the pleadings, but may not rely on conclusory or hearsay statements.  See J.S., 386 F.3d at 110.

**2.     Subject-Matter Jurisdiction under the FTCA**

The FTCA provides a limited waiver of the sovereign immunity enjoyed by the United States.  The United States may be held liable in tort when employees acting within the scope of their employment are negligent in "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).

The statute of limitations provisions included in the FTCA are a condition of this

limited waiver of sovereign immunity.  28 U.S.C. § 2401(b); United States v. Kubrick, 444 U.S. 111, 117-18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).  Specifically, these provisions require that any claim be "presented in writing to the appropriate Federal agency within two years after such claim accrues."  28 U.S.C. § 2401(b).  A claim accrues under the FTCA "either at the time of injury or when the plaintiff has, or with reasonable diligence should have, discovered the facts critical to his or her injury, whichever is earlier." Johnson v. Smithsonian Inst., 189 F.3d 180, 189 (2d Cir. 1999).  If this requirement is not met, a district court lacks subject-matter jurisdiction over the claim. Id. at 189.

Accrual of an FTCA claim is a matter of federal law.  See A.Q.C. ex rel. Castillo v. United States, 656 F.3d 135, 139 (2d Cir. 2011).  An FTCA claim ordinarily accrues at the time of injury.  See Barrett v. United States, 689 F.2d 324, 327 (2d Cir. 1982).  But accrual may be postponed when a plaintiff "would reasonably have had difficulty discerning the fact or cause of injury at the time it was inflicted." Kronisch v. United States, 150 F.3d 112, 121 (2d Cir. 1998).  In such a case, the diligence-discovery rule of accrual applies.

Under the diligence-discovery rule, a claim does not accrue until the plaintiff has or with reasonable diligence should have discovered the critical facts of both his injury and its iatrogenic cause. Id.; Valdez ex rel. Donely v. United States, 518 F.3d 173, 178 (2d Cir. 2008)(requiring that a plaintiff know, or reasonably could know, "that the injury he suffered related in some way to the medical treatment he received.").  "Discovery of the 'critical facts' of injury and causation is not an exacting requirement, but requires only knowledge of, or knowledge that could lead to, the basic facts of the injury, i.e., knowledge of the injury's existence and knowledge of its cause or of the person or entity that inflicted it."

Kronisch, 150 F.3d at 121.  "A claim will accrue when the plaintiff knows, or should know, enough of the critical facts of injury and causation to protect himself by seeking legal advice."  Id. (citing Guccione v. United States, 670 F.Supp 527, 536 (S.D.N.Y. 1987)).

To the extent Plaintiff's present complaint can be read to assert the claims he included in his administrative claim and in his complaint in 12-CV-280, those claims are dismissed for lack of subject-matter jurisdiction.  As set forth in the Declaration of Bradford P. Mersereau (Docket No. 13), Plaintiff knew of his alleged injuries in 2008 at the latest, when he consistently complained about the decisions his doctors were making concerning the treatment of his head, neck, and back pain.  (Mersereau Decl., ¶¶ 3, 9-17.)  The medical records submitted with Mersereau's declaration show that Plaintiff began complaining about his treatment more than two years before he filed his administrative claim on or about January 15, 2013.  In fact, one medical note suggests that Plaintiff began complaining about a lack of adequate pain medication as early as July 2006.  (Mersereau Decl., ¶ 5.)  The underlying claims must therefore be dismissed, because this Court lacks subject-matter jurisdiction over untimely claims.  Johnson, 189 F.3d at 189.

As for Plaintiff's claims that the Department of Veterans Affairs failed to properly investigate his administrative claim, denied him access to emergency medical care, and interfered with his treatment by a private physician, those too must be dismissed for lack of subject-matter jurisdiction, because Plaintiff failed to exhaust his administrative remedies.  "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."  McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993).  By statute, an FTCA claim must be "presented in writing to the appropriate Federal agency" within two years after the claim accrues, as

6

discussed above.  See 28 U.S.C. § 2401(b).  This exhaustion requirement is jurisdictional,

and therefore, cannot be waived.  Celestine v. Mount Vernon Neighborhood Health Ctr.,

403 F.3d 76, 82 (2d Cir. 2005).  Here, Plaintiff's previous administrative claim form did not

include any of the claims contained in his present complaint.  Moreover, Plaintiff has not

pled or proven that he filed a new administrative claim with the Department of Veterans

Affairs raising any of the claims he has included in his complaint.  See In re Agent Orange

Prod. Liab. Litig., 818 F.2d 210, 214 (2d Cir. 1987) ("The burden is on the plaintiff to both

plead and prove compliance with the [FTCA's] statutory requirements.")  Plaintiff has

therefore failed to exhaust his administrative remedies, which requires that his claims be

dismissed for lack of subject-matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that the United States must be

substituted as the proper defendant in this case and that Plaintiff's FTCA claims must be

dismissed for lack of subject-matter jurisdiction under Rule 12 (b)(1).  The government's

motion seeking such relief is therefore granted in its entirety.

## V.  ORDERS

IT HEREBY IS ORDERED, that the government's Motion to Substitute and to

Dismiss (Docket No. 9) is GRANTED.

FURTHER, that pursuant to 28 U.S.C. § 2679 (d)(2), the United States is substituted

for Defendants Bradford Mersereau and Veterans Hospital, Buffalo, NY, as the proper

Defendant in this action.

FURTHER, that Plaintiff's pending motions (Docket No. 18, 19, 20) are DENIED as

moot in light of the dismissal of Plaintiff's complaint.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:         October 29, 2014
               Buffalo, New York

                                        /s/William M. Skretny
                                       WILLIAM M.  SKRETNY
                                           Chief Judge
                                       United States District Court